## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JERARD STEVEN DAVIS,** | : | |
| | : | **Civil No. 1:20-CV-1716** |
| **Petitioner** | : | |
| | : | |
| **v.** | : | |
| | : | **(M. J. Carlson)** |
| **LAUREL HARRY,** | : | |
| | : | |
| **Respondent** | : | |

## MEMORANDUM OPINION

## I.   Statement of Facts and of the Case

Jerard Davis is a state prisoner who is currently housed at the State Correctional Institution Camp Hill, Pennsylvania. While he is incarcerated in Pennsylvania, Davis has filed a federal habeas corpus petition which challenges his conviction on state charges in another state, North Carolina. (Doc. 1). According to Davis, in August of 2019, he was convicted in the North Carolina General Court of Justice, Superior Court Division, in Kenansville, North Carolina of heroin trafficking and was sentenced to 225-282 months imprisonment. Davis' federal habeas corpus petition challenges the fairness of these North Carolina state proceedings on multiple grounds, and seeks habeas corpus relief setting aside this state conviction. (Id.) Thus, while the petitioner and the nominal respondent, his

current jailer, are both located in the Middle District of Pennsylvania, this petition relates entirely to a state criminal prosecution undertaken in Duplin County, North Carolina, which is located within the venue of the United States District Court for the Eastern District of North Carolina. See 28 U.S.C. § 113(a).

In this unusual setting, where a person incarcerated in one state seeks to file a habeas petition challenging criminal proceedings conducted in a different state, the United States Supreme Court has spoken, stating that the transfer of the petition to the jurisdiction where the underlying case was prosecuted is both fitting and proper. Accordingly, upon consideration, this matter will be transferred to the United States District Court for the Eastern District of North Carolina for further proceedings.

**II.   Discussion**

**A.         This Petition Should Be Transferred to the Eastern District of North Carolina**

As we have noted this case presents an unusual constellation of circumstances. A Pennsylvania state prisoner has filed a habeas corpus petition in the district of his confinement, naming his jailer in Pennsylvania as the nominal respondents, but the petition relates entirely to a state criminal prosecution conducted in another jurisdiction, North Carolina. Fortunately, the United States Supreme Court has spoken directly to this issue, providing us with valuable guidance regarding how we

should exercise our discretion in such instances. In this factual setting, the Court has instructed us that: "Where a prisoner brings an action in the district of confinement attacking a detainer [or conviction] lodged by another State, the court can, of course, transfer the suit to a more convenient forum. 28 U.S.C. § 1404(a)." Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 499 n. 15 (1973). Thus, the Supreme Court in Braden recognized a fundamental, practical reality: federal habeas corpus proceedings are essentially civil proceedings, and as such, are governed by the statutes and rules that apply generally to civil litigation. Thus, such petitions are also subject to the general rules governing venue in civil litigation, including title 28 U.S.C. § 1404(a), which states as follows: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district of division where it might have been brought."

In this case, the prerequisites for a transfer of this matter to the Eastern District of North Carolina pursuant to Braden and 28 U.S.C. § 1404 are fully satisfied. At the outset, it is apparent that this venue is another district where this claim might have been brought. Indeed, the Eastern District of North Carolina is the most appropriate venue for this particular challenge to Davis' conviction and sentence, which are alleged to have arisen out of a state prosecution in Duplin County, North Carolina.

It is also evident that the second prerequisite for a transfer order is present

here: A transfer of this action would serve: "the convenience of parties and witnesses, [and] the interest of justice." 28 U.S.C. § 1404(a). The actual respondents in the matter would be the state officials in North Carolina who charged and convicted Davis. Moreover, the witnesses, defense counsel, and court records that would be essential to an informed adjudication of this matter are all located in North Carolina. Further, in the instant case:

> We need not. . . be overly concerned with the limitations on transfer in section 1404(a), as we believe that there is at least a plausible argument that if [the petitioner] has no other remedy in the district of his conviction and sentencing, the [sentencing] Court . . . would approve of the district court's exercising jurisdiction under the All–Writs Act, 28 U.S.C. § 1651(a) to grant him a writ of error *coram nobis*. See United States v. Shamy, 886 F.2d 743 (4th Cir. 1989); United States v. Mandel, 862 F.2d 1067 (4th Cir. 1988).

In re Nwanze, 242 F.3d 521, 526 (3d Cir. 2001).

We also observe that an order transferring this case to the district where Davis' state trial took place for further proceedings also protects the petitioner's rights as a *pro se* litigant. Such a transfer order avoids any unintended prejudice to the petitioner that might flow from a dismissal of this action. See Burnett v. New York Cent. R. Co., 380 U.S. 424, 430 (1965). Moreover, addressing the question of venue in this fashion would not constitute a ruling on the merits of the petitioner's claims, thus assuring that the petitioner can have his case heard on its merits in the most appropriate forum. See, 18 Wright, Miller & Cooper Federal Practice and Procedure,

§ 4436, at 338 (stating that "a dismissal for lack of jurisdiction or improper venue does not operate as an adjudication upon the merits") (footnote omitted).

Finally, we note that a venue based case transfer:

[I]nvolves a non-dispositive pretrial matter which a magistrate judge may determine pursuant to 28 U.S.C. § 636(b)(1)(A). See Silong v. U.S., 5:05–CV–55–OC–10GRJ, 2006 WL 948048, at *1 n. 1 (M.D.Fla. April 12, 2006); Blinzler v. Marriott Int'l, Inc., No. Civ. A. 93–0673L, 1994 WL 363920, at *2 (D.R.I. July 6, 1994); O'Brien v. Goldstar Tech., Inc., 812 F.Supp. 383 (W.D.N.Y.1993); Russell v. Coughlin, No. 90 Civ. 7421, 1992 WL 209289 (S.D.N.Y. Aug.19, 1992); Hitachi Cable Am., Inc. v. Wines, Civ.A. No. 85–4265, 1986 WL 2135 (D.N.J. Feb.14, 1986). This is true 'because it can only result in the transfer of a case to another federal district, not in a decision on the merits or even a determination of federal jurisdiction.' Adams v. Key Tronic Corp., No. 94 Civ. AO535, 1997 WL 1864, at *1 (S.D.N.Y. Jan. 2, 1997) (collecting cases).

Berg v. Aetna Freight Lines, CIV.A. 07–1393, 2008 WL 2779294 (W.D.Pa. July 15, 2008). See, e.g., Brett v. Gertz, 3:12–CV–1429, 2012 WL 4839006 (M.D. Pa. Sept. 12, 2012) report and recommendation adopted, 3:CV–12–1429, 2012 WL 4838997 (M.D. Pa. Oct. 10, 2012) (citing Market Transition Facility of New Jersey v. Twena, 941 F.Supp. 462 (D.N.J. 1996)); Holley v. Robinson, CIV. 1:10–CV–585, 2010 WL 1837797 (M.D. Pa. Apr. 2, 2010) report and recommendation adopted, 1:10–CV–585, 2010 WL 1837793 (M.D. Pa. May 6, 2010) (same); McManus v. Giroux, No. 3:13-CV-1729, 2013 WL 3346848, at *2–3 (M.D. Pa. July 2, 2013). Therefore, the decision to transfer a case rests within the jurisdiction and sound discretion of a United States Magistrate Judge under 28 U.S.C. § 636(b)(1)(A), subject to appeal to

the district court for an abuse of that discretion. See Franklin v. GMAC, CIV.A. 13–0046, 2013 WL 140042 (W.D. Pa. Jan. 10, 2013) ("Orders to transfer are not listed as dispositive..... A Magistrate Judge may rule on such matters pursuant to 28 U.S.C. § 636(b)(1)(A). See, e.g., Silong v. United States, 2006 WL 948048, at *1 n. 1 (M.D. Fla. 2006). See also In re U.S. Healthcare, 159 F.3d 142, 145 (3d Cir. 1998) (a dispositive order is one that "terminates the matter in the federal court"). This is true "because [the ruling] can only result in the transfer of a case to another federal district, not in a decision on the merits or even a determination of federal jurisdiction." Adams v. Key Tronic Corp., 1997 WL 1864, at *1 (S.D.N.Y. 1997) (collecting cases); see also Holley v. Robinson, 2010 WL 1837797, *2 (M.D. Pa. 2010) (since "order transferring a case is not a dispositive final order in that case, this proposed transfer is a matter which lies within the authority of either the district court, or this [magistrate] court."); Berg v. Aetna Freight Lines, 2008 WL 2779294, at *1 (W.D. Pa. 2008) ("A motion to transfer venue pursuant to 28 U.S.C. § 1404(a) involves a non-dispositive pretrial matter which a magistrate judge may determine pursuant to 28 U.S.C. § 636(b)(1)(A)") (collecting cases)).

Accordingly, for the foregoing reasons, IT IS ORDERED that this case be transferred to the United States District Court for the Eastern District of North Carolina for further proceedings.

An appropriate order follows.

_S/ Martin C. Carlson_
Martin C. Carlson
United States Magistrate Judge